859 P.2d 1343

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ADOPTION ACTION NO. B-13795.**

**No. 2 CA-JV 93-0024.**

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 23, 1993.

Ann M. Haralambie, P.C. by Ann M. Haralambie, Tucson, for parents.

OPINION

FERNANDEZ, Judge.

This appeal is taken from the order of the juvenile court denying appellants' petition for preadoption certification. The petition was filed by appellant Judith Rumler and her ex-husband Jackie Rumler. A social study prepared by order of the juvenile

---

court reveals that Judith had a son by a prior relationship who was adopted by Jackie when the two were married in 1969. They had a child of their own in 1972. The marriage was terminated by divorce in 1979 and Judith received custody of the children.

In 1981, Judith married the subject minor's natural father. The minor was born in 1981 and his parents divorced in 1982. The natural father's rights were terminated in 1987. Jackie has known the minor since the latter was six months old and has developed a close relationship with him. He now desires to adopt the minor because he wants to support him and make the minor his legal heir. Judith and Jackie do not live together and apparently have no plans to resume their prior relationship.

Although the social study spoke very favorably of Jackie, the adoption examiner nevertheless recommended that he be certified as non-acceptable based on her interpretation of the adoption statutes. The juvenile court agreed, finding that "the Adoption Statutes make no provision for the Adoption of a Minor by his natural mother's ex-husband, while the natural mother retains custody of the child." This appeal followed.

A.R.S. § 8–103 provides that "[a]ny adult resident of this state, whether married, unmarried or legally separated is eligible to qualify to adopt children. A husband and wife may jointly adopt children." Under this statute, Jackie is clearly eligible to qualify as an adoptive parent. However, the effect of his adoption of the minor would be as follows:

> Upon entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship shall cease to exist, including the right of inheritance, *except that where the adoption is by the spouse of the child's parent, the relationship of the child to such parent shall remain unchanged by the decree of adoption.*

A.R.S. § 8–117(B) (emphasis added). From this statute, the juvenile court no doubt reached its conclusion that the proposed adoption is impermissible, inferring a legislative intent that the only exception to severance of the natural parent's rights following adoption occur where the natural parent is married to the child's adoptive parent.

Appellants argue that this statute should not be so construed where, as here, to do so would be contrary to the child's best interests. They note that, by permitting the adoption, the minor will gain a legal father which he would not otherwise have, together with the right of support and inheritance from a second parent. They rely on cases from other jurisdictions permitting adoption by non-spouse parties without terminating the natural parent's rights, all of which arise in the context of long-standing homosexual relationships. Only two appear to be reported appellate decisions. *In re Adoption of Evan*, 153 Misc.2d 844, 583 N.Y.S.2d 997 (1992); *Adoptions of B.L.V.B. and E.L.V.B.*, 628 A.2d 1271, (Vt.1993).

What distinguishes these cases is not the sexual orientation of the parents but rather the existence of a permanent relationship between them, which is precisely what is absent here and, we believe, what the legislature at a minimum had in mind when it created the step-parent exception. Contrary to appellants' desires, we can ascertain no intent to permit parties "to legalize the *de facto* divorced family relationship." The statutory exception applies only in the context of a marriage between the natural parent and the adoptive parent. Thus we conclude that the juvenile court properly denied the petition for preadoption certification.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.